IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN HOME ASSURANCE CO. and NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PENNSYLVANIA, Plaintiffs, vs. McLEOD USA, INC.; TELECOMMUNICATIONS NETWORK DESIGN, INC.; and JEROLD RAWSON, Defendants. | Case No. 05 C 5173 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs American Home Assurance Co. and National Union Fire Insurance Co. have sued defendants McLeod USA, Inc., Telecommunications Network Design, Inc., and Jerold Rawson for declaratory relief. TND and Rawson have moved to dismiss this case for lack of subject matter jurisdiction or for failure to state a claim. McLeod has asked the Court to abstain from hearing the case. The Court declines to dismiss the action but reserves decision on the question of abstention.

Plaintiffs are insurance companies that issued commercial general liability and umbrella liability insurance policies to McLeod, a telecommunications company. In May 2003, TND and Rawson filed suits against McLeod in the Circuit Court of Cook County. Initially, the insurers paid the costs of litigating the state court suits, but in September 2005, they informed McLeod

1

that based on changes in the law, they would no longer pay McLeod's defense costs and would seek reimbursement of the funds they had already outlaid. In January 2006, the judge presiding over the state court case granted McLeod's motion to file a third-party complaint against the insurers for declaratory judgment, breach of contract, and bad faith. The insurers have moved to dismiss the third party complaints in the state court case. In the meantime, the insurers filed this suit seeking declaratory judgment.

We begin by addressing TND's and Rawson's joint motion to dismiss. The parties disagree as to whether Illinois law or Iowa law governs the case. This dispute is immaterial to the first issue we examine – whether this suit is justiciable. The courts of both states agree that while a suit addressing the insured's underlying liability is pending, claims regarding an insurer's duty to defend are justiciable, but those addressing the duty to indemnify are not. *See West Bend Mut. Ins. Co. v. Iowa Iron Works Co.*, 503 N.W.2d 596, 601 (Iowa 1993); *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 127, 607 N.E.2d 1204, 1221 (1992). For this reason, the Court stays the plaintiffs' claim regarding their duty to indemnify McLeod (if this was the only claim in the case, we might simply dismiss, but because there are other claims over which the Court has jurisdiction, we will, at least for now, stay the indemnification claim.

We next address whether we have subject matter jurisdiction over plaintiffs' claims regarding their duty to defend McLeod. Plaintiffs have invoked the Court's diversity jurisdiction, which requires that the amount in controversy be at least $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The parties invoking the court's jurisdiction have the burden of establishing the amount in controversy requirement with "competent proof" which demonstrates that there is a "reasonable probability that jurisdiction exists." *Chase v. Shop 'N*

*Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997).

The Court finds that the plaintiffs have satisfied the amount in controversy requirement. In Count 1, plaintiffs claim that they have no continuing duty to defend McLeod. According to plaintiffs, over $75,000 is at issue because the underlying state court cases are in their early stages (classes have been certified, but discovery has not been completed). Pl. Resp. at 6. Defendants contend that the plaintiffs' projections are insufficient to establish jurisdiction, but plaintiffs have adequately shown that because McLeod has already incurred almost $140,000 in legal expenses, it is likely to incur an additional $75,000 to defend the cases. Pl. Resp., Ex. A, Guitar Aff. ¶ 3.

Defendants argue that $75,000 is not in controversy as to Count 2, in which plaintiffs claim seek recoupment of $110,000 they have already spent to defend McLeod on the ground that they never had a duty to defend the company. There is no need to separately assess the amount in controversy as to Count 2, however, because plaintiffs' claims against a single defendant (McLeod) are aggregated for purposes of the amount in controversy requirement. See, e.g., *Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.,* 250 F.3d 1077, 1081 (7th Cir. 2001).[1] Thus at this point the Court need not decide the question of whether Illinois or Iowa law governs whether the insurers have a right to reimbursement – a question that may well determine whether Count 2 states a claim, but which the parties have not briefed adequately for the Court to decide it definitively.

Finally, McLeod argues that the Court should abstain from hearing this case because the same claims are pending in the state court case. *See Wilton v. Seven Falls Co.*, 515 U.S. 277,

---

[1] TND and Rawson are nominal defendants in this case.

283 (1995); *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495 (1942). The insurers have been joined as third-party defendants to the underlying state court suits. As noted earlier, however, the state court currently has under advisement motions to dismiss the third party complaints against the insurers. Under the circumstances, it is premature to consider abstaining. Defendants may renew the motion, if they wish, if and when the state court denies the insurers' motions to dismiss the third party complaints.

## Conclusion

For the reasons discussed above, the Court denies defendants' motions to dismiss but grants their motions to stay with regard to plaintiffs' claim regarding whether they have a duty to indemnify McLeod [docket nos. 18, 21].

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   March 24, 2006